IN the INTEREST OF LAURAN F., A Person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

AIMEE M., Respondent-Appellant.†

IN the INTEREST OF JOSHUA R., A Person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

AIMEE M., Respondent-Appellant.

IN the INTEREST OF NATHANIEL M., A Person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

AIMEE M., Respondent-Appellant.

---

†Petition to review granted.

Court of Appeals

*No. 94–0949. Submitted on briefs August 5, 1994.—Decided September 20, 1994.*

(Also reported in 523 N.W.2d 290.)

For the respondent-appellant the cause was submitted on the briefs of *John D. Lubarsky*, assistant state public defender.

For the petitioner-respondent the cause was submitted on the brief of *William A.J. Drengler*, corporation counsel, and *Scott M. Corbett*, assistant corporation counsel.

For the minor children the cause was submitted on the brief of the guardian ad litem, *Mark Berg*, of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

MYSE, J.  Aimee M. appeals a dispositional order in which her children were adjudged to be in need of protection and services under § 48.13(10) and (11), STATS., and an order denying her motion for postjudg-

---

[1] This appeal is being decided by a three-judge panel pursuant to the Chief Judge's September 16, 1994, order.

ment relief. Aimee contends that we should provide her with a new fact-finding hearing in the interests of justice[2] because the trial court erred when it failed to submit a separate verdict form to the jury for each basis of jurisdiction alleged under § 48.13. Aimee further contends that the interests of justice demand a new fact-finding hearing because the verdict form, taken in conjunction with the instructions, failed to present the jury with all material issues of fact. Because we conclude that the trial court did not err by failing to provide separate verdict forms for each basis of jurisdiction and that the jury was presented with all material issues of issues of fact, the orders are affirmed.

Aimee is the mother of Lauran F., Joshua R. and Nathaniel M. Aimee's husband Mark M. is the biological father of Nathaniel and the stepfather of Lauran and Joshua. On March 1, 1993, the Marathon County Department of Social Services filed a petition requesting the court to assume jurisdiction over the three children pursuant to § 48.13(10) and (11), STATS. The department alleged that the court should take jurisdiction because: (1) Aimee and Mark neglected or were unable for reasons other than poverty to provide the necessary parental care and supervision for their children thereby seriously endangering their physical health; and (2) the children were suffering from emotional damage for which Aimee and Mark were unwilling to provide treatment. See § 48.13(10) and (11), STATS.

The trial commenced on June 15, 1994. At the close of evidence, the court held a jury instruction confer-

---

[2] Under § 752.35, STATS., it is within our discretion to reverse a judgment or order "if it appears from the record . . . that it is probable that justice has for any reason miscarried."

ence. Aimee did not object to the form of the verdict, but she did request the court to provide the jury with a definition of emotional distress under § 48.13(11), STATS. The court refused to give the instruction and Aimee objected. The court then instructed the jury that it should find the children in need of protection and services if it was convinced to a reasonable certainty that Mark and Aimee violated *either* § 48.13(10) *or* § 48.13(11). The court then proceeded to define the terms used in § 48.13(10);[3] however, contrary to Aimee's request, it did not define emotional distress under § 48.13(11).

After instructions, the court supplied the jury with special verdict forms. The special verdict form asked three questions: (1) Is Lauran F. in need of protection or services?; (2) Is Joshua R. in need of protection or services?; and (3) Is Nathaniel M. in need of protection or services? The jury answered yes to all three questions, and the court accepted the verdicts. The court then held a dispositional hearing on July 9, 1993, at which time it transferred custody of the children to the Marathon County Department of Social Services. Aimee subsequently filed a motion for postjudgment relief requesting the court to vacate its dispositional order. The court denied the motion, and Aimee appeals.

██ The issue is whether the trial court's failure to submit a separate verdict for each jurisdictional basis deprived Aimee of a verdict by five-sixths of the jury as required by § 805.09(2), STATS. This issue presents questions of statutory construction and interpretation. Therefore, we review this issue without deference to

---

[3] The court specifically defined the terms "neglect," "refusal," "unable," "necessary" and "seriously endanger" under § 48.13(10), STATS.

the trial court. *In re T.P.S.*, 168 Wis. 2d 259, 263, 483 N.W.2d 591, 593 (Ct. App. 1992).

Aimee contends that the interests of justice demand that she receive a new fact-finding hearing because the trial court erred by failing to submit separate verdicts for each jurisdictional basis. In support of this contention, Aimee cites *In re C.E.W.*, 124 Wis. 2d 47, 368 N.W.2d 47 (1985). In *C.E.W.*, the Waukesha County Department of Social Services filed a petition alleging two grounds for the termination of C.E.W.'s parental rights. *Id.* at 51, 368 N.W.2d at 49. At the conclusion of the trial, the court submitted six verdicts to the jury, "a separate form for each of the two statutory grounds alleged and for each of the three children." *Id.* at 71, 368 N.W.2d at 59. The court also instructed the jury that "at least the same ten jurors should concur in all the answers made." *Id.* The county claimed this instruction was erroneous because it "left the jury with the belief that the same jurors must make the same decision on all verdicts." *Id.* The supreme court agreed with the county's contention and noted that "the six verdicts were independent, each verdict being separate and distinct from the others." *Id.* (citations omitted).

Aimee concedes that *C.E.W.* is not directly on point with this case; however, she relies on *C.E.W.* to support her contention that § 48.13(10) and (11) are separate jurisdictional grounds. Aimee claims that because § 48.13(10) and (11) are separate jurisdictional grounds, her children could only be found in need of protection and services if five-sixths of the jury determined that she violated § 48.13(10) or if five-sixths of the jury determined that she violated § 48.13(11).[4] By

---

[4] Under § 805.09(2), STATS., "[a] verdict agreed to by five-sixths of the jurors shall be the verdict of the jury."

submitting only one form for each child, however, Aimee contends that the trial court allowed the jury to combine the two jurisdictional grounds. This, she argues, deprived her of a verdict by five-sixths of the jury because her children could be found in need of protection and services despite the fact that five-sixths of the jury may not have agreed on either of the jurisdictional grounds. We conclude that *C.E.W.* is not controlling.

In *C.E.W.*, the court held that the *instructions* were prejudicial because they led the jury to believe the same ten jurors were required to agree on all six verdicts. The court held that all six verdicts were separate and distinct and that therefore a different majority of ten could agree on each verdict. However, the court did not address the question of whether six verdicts were required in order to satisfy the five-sixths verdict requirement. Section 805.09, STATS.

Additionally, *C.E.W.* involved the termination of parental rights under § 48.415, STATS. This case, on the other hand, involves an allegation that Aimee's children are in need of protection and services under § 48.13, STATS. Comparing the two statutes, it is clear that there are substantial differences in their construction.[5]

Section 48.415, STATS., states that "grounds for termination of parental rights shall be *one* of the following." The statute then provides six grounds for the termination of parental rights. Each of the six grounds is contained in its own subsection and each is punctuated by a period. Section 48.13, STATS., however,

---

[5] Because we need not address this issue, this court does not decide whether it is reversible error for the trial court not to submit separate verdict forms for each ground alleged in a termination of parental rights action.

states that "the court has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and . . . ." The statute then lists fourteen grounds for finding a child in need of protection or services. Unlike § 48.415, where each ground is listed alternatively, each ground is followed by a semicolon and the word "or" appears between the last two grounds. Because of the different constructions of § 48.415 and § 48.13 and because *C.E.W.* did not address the question of whether separate verdicts are required to satisfy the five-sixths requirement of § 805.09, STATS., we conclude that *C.E.W.* does not control the disposition of this case.

The State contends that we should look to the reasoning of *Holland v. State*, 91 Wis. 2d 134, 280 N.W.2d 288 (1979), *cert. denied*, 445 U.S. 931 (1980) to resolve this case. In *Holland*, the defendant was charged with first-degree murder, § 940.01, STATS., and party to a crime, § 939.05, STATS. The court instructed the jury that it could find the defendant guilty of being party to a crime under § 939.05 if the defendant: (1) directly committed the crime; (2) aided and abetted the commission of the crime; *or* (3) conspired with another to commit the crime. The court then instructed the jury that it must be unanimous in its verdict. The court did not, however, instruct the jury that it must be unanimous with regard to the manner in which the defendant participated in the crime. The defendant argued that the court's failure to instruct the jury that it must be unanimous in determining the manner in which he participated in the crime violated his right to a unanimous verdict.

The supreme court rejected the defendant's argument and held that "[u]nanimity is required only with respect to the ultimate issue of the defendant's guilt or

577

innocence of the crime charged, and unanimity is not required with respect to the alternative means or ways in which the crime can be committed." *Holland*, 91 Wis. 2d at 143, 280 N.W.2d at 292-93. The court further noted that "[t]o permit any other conclusion would be to permit the guilty defendant to escape accountability under the law because jurors could not unanimously choose beyond a reasonable doubt which of several alternate ways the defendant actually participated, even though all agree that he was, in fact, a participant." *Id.* at 143, 280 N.W.2d at 293.

We are persuaded by the reasoning in *Holland*. Under § 805.12(1), STATS., the trial court is required to prepare a special verdict "in the form of written questions relating only to material issues of ultimate fact." In a CHIPS case, the ultimate question for the jury's determination is whether the child is in need of protection or services. *See In re A.E.*, 163 Wis. 2d 270, 274, 471 N.W.2d 519, 521 (Ct. App. 1991). Therefore, because five-sixths of the jury agreed that her children were in need of protection or services, Aimee was not deprived of her right to a verdict by five-sixths of the jury. To conclude otherwise would be to sacrifice the best interests of Aimee's children because ten jurors could not agree on which ground the children were in need of protection or services, even though ten jurors agreed that the children were in need of such protection and services.

Our conclusion is further supported by a comparison of the construction of § 48.13, STATS., and the statute at issue in *Holland*, § 939.05, STATS. Like § 48.13, § 939.05 is written in the disjunctive. Section 939.05 states that "a person is concerned in the commission of the crime if he . . . ." The statute then lists

578

three alternatives, each followed by a semicolon and each followed by the word "or." The similarity in the construction of § 48.13 and § 939.05 supports our conclusion that the reasoning in *Holland* is applicable to this case. Therefore, the jury was not required to come to a five-sixths agreement on each jurisdictional ground given by the State. Rather, the jury was only required to come to a five-sixths agreement on the question of whether Aimee's children were in need of protection or services. Therefore, we conclude that Aimee was not deprived of her right to a verdict by five-sixths of the jury.

■

Aimee next contends that the form of the verdict, taken together with the instructions, did not fairly present all material issues of fact for the jury's determination. The form of a special verdict is a matter addressed to the sound discretion of the trial court. *Zintek v. Perchik*, 163 Wis. 2d 439, 454, 471 N.W.2d 522, 527 (Ct. App. 1991). We "will not interfere with the form of a special verdict unless the question, taken with the applicable instruction, does not fairly present the material issues of fact to the jury for determination." *A.E.*, 163 Wis. 2d at 276, 471 N.W.2d at 521.

In *A.E.*, 163 Wis. 2d at 275, 471 N.W.2d at 521, the court was presented with a similar question. There, the trial court submitted a special verdict to the jury with the following question: "Is the child, A.E., in need of protection or services?" The appellant argued that this was not a special verdict. The court, however, disagreed and held that the verdict, taken in conjunction with the jury instructions, presented a material issue of ultimate fact for the jury's determination. *Id.* at 276, 471 N.W.2d at 521.

In this case, the trial court submitted a verdict asking the jury whether each of Aimee's three children were in need of protection or services. The verdict was accompanied by instructions informing the jury that it could find Aimee's children in need of protection or services if: (1) The children's parents have neglected, refused or are unable for reasons other than poverty to provide necessary care for a child so as to seriously endanger the physical health of the child; or (2) the child is suffering emotional damage for which the parents are unwilling to provide treatment, which is evidenced by one or more of the following characteristics, exhibited to a severe degree; (a) anxiety, (b) depression, (c) withdrawal, or (d) outward aggressive behavior. The instructions adequately informed the jury of the material issues of fact they were to decide. Therefore, taking the verdict and the jury instructions together, we conclude that the court fairly presented the material issue of ultimate fact to the jury. *See id.*

██

Finally, Aimee argues that because the court did not define emotional distress, the jury was not presented with all material issues of fact. We disagree. The court informed the jury that it could find Aimee's children in need of protection or services if they were suffering emotional damage. The court then listed the four statutory grounds for finding that the children were suffering emotional damage. These four grounds provided the jury with a sufficient basis for determining whether the children were exhibiting emotional distress. Accordingly, further definition of emotional distress was unnecessary. We therefore conclude that the jury was presented with all material issues of fact. The orders are affirmed.

*By the Court.*—Orders affirmed.