(93JV36) In the Interest of Lauran F., A Person Under the Age of 18:

State of Wisconsin, Petitioner-Respondent,

v.

Aimee M., Respondent-Appellant-Petitioner.

(93JV37) In the Interest of Joshua R., A Person Under the Age of 18:

State of Wisconsin, Petitioner-Respondent,

v.

Aimee M., Respondent-Appellant-Petitioner.

(93JV38) In the Interest of Nathaniel M., A Person Under the Age of 18:

State of Wisconsin, Petitioner-Respondent,

v.

Aimee M., Respondent-Appellant-Petitioner.

Supreme Court

282

*No. 94–0949. Oral argument May 25, 1995.—Decided June 27, 1995.*

(Also reported in 533 N.W.2d 812.)

285

For the respondent-appellant-petitioner there were briefs and oral argument by *John D. Lubarsky,* assistant state public defender.

For the petitioner-respondent the cause was argued by *Scott M. Corbett,* assistant corporation counsel, with whom on the brief was *William A.J. Drengler,* Corporation Counsel, Marathon County.

Guardian ad Litem brief was filed by *Mark Berg,* Schofield.

HEFFERNAN, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *In Interest of Lauran F.,* 187 Wis. 2d 570, 523 N.W.2d 290 (Ct. App. 1994), which affirmed a judgment of the circuit court for Marathon County, Robert N. Ledin, Circuit Judge. Petitioner, the mother of three children subject to a CHIPS proceeding in Marathon County circuit court, seeks review of the court of appeals decision affirming the circuit court order which adjudged her children to be in need of protection or services following a jury trial. According to the petitioner, the form of the verdict submitted at the close of evidence in the CHIPS proceeding deprived her of her statutory right

to a verdict by five-sixths of the jury. Section 805.09(2), Stats.

The sole issue presented on review is whether a circuit court must submit a separate verdict question for each jurisdictional basis alleged in a CHIPS petition and for which evidence is thereafter adduced at trial, rather than a single question asking the jury to determine whether the child is in need of protection and services. In the instant case, petitioner first objected to the single-question verdict by postjudgment motion, filed February 14, 1994, following the jury's verdict finding her children in need of protection or services. The court of appeals, without commenting on petitioner's failure to object to the verdict form at trial, affirmed the circuit court's dispositional order transferring custody of the children to the Marathon County Department of Social Services, concluding that the verdict form was appropriate and that the verdict presented the jury with all material issues of fact. We hold, that although petitioner did not preserve the objection for appeal, the form of the verdict misled the jury. Therefore, in the interest of justice, we reverse the decision of the court of appeals affirming the judgment of the circuit court.[1]

---

[1] As we pointed out in *In the Interest of C.E.W.,* 124 Wis. 2d 47, 56–57 and n.6, this court may exercise its discretionary power to review a claimed error to which objection was not properly preserved under sec. 751.06, Stats., or as to matters that go "directly to the integrity of the fact-finding process." *State v. Baldwin,* 101 Wis. 2d 441, 445–46, 304 N.W.2d 742 (1981). *See Vollmer v. Luety,* 156 Wis. 2d 1, 11–12, 456 N.W.2d 797 (1990) (recognizing the importance of the inherent power of the court to review waived error to achieve justice in individual cases); *see also Claybrooks v. State,* 50 Wis. 2d 79, 85, 183 N.W.2d 139 (1971) (even though a party did not make timely

## I.

Petitioner, Aimee M., is the mother of Lauran F., Joshua R. and Nathaniel M. Aimee's husband, Mark M., is the biological father of Nathaniel and the stepfather of Lauran and Joshua. On March 1, 1993, the Marathon County Department of Social Services petitioned the circuit court to take jurisdiction over the three children pursuant to secs. 48.13(10) and (11), Stats.[2] The petitions, as required by sec. 48.255,[3]

---

objection in the circuit court and thus does not have the right to raise the issue on appeal, this court, in its discretion, may elect to review the error regardless of waiver, "where the error is so plain or fundamental as to affect substantial rights of the defendant.")

[2] Section 48.13(10) and (11), Stats., provides:

**Jurisdiction over children alleged to be in need of protection or services.** The court has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and:

**(10)** Whose parent, guardian or legal custodian neglects, refuses or is unable for reasons other than poverty to provide necessary care, food, clothing, medical or dental care or shelter so as to seriously endanger the physical health of the child;

**(11)** Who is suffering emotional damage for which the parent or guardian is unwilling to provide treatment, which is evidenced by one or more of the following characteristics, exhibited to a severe degree: anxiety, depression, withdrawal or outward aggressive behavior;

[3] Section 48.255, Stats., provides in part:

**Petition; form and content. (1)** A petition initiating proceedings under this chapter shall be entitled, "In the interest of (child's name), a person under the age of 18", and shall set forth with specificity:

. . .

(e) If the child is alleged to come within the provisions of s. 48.13 (1) to (11) . . . reliable and credible information which forms the basis for the allegations necessary to invoke the jurisdiction of the

alleged that the court should take jurisdiction because:
(1) Aimee and Mark neglected or were unable for reasons other than poverty to provide the necessary parental care and supervision for their children thereby seriously endangering their physical health; and (2) the children were suffering from emotional damage for which Aimee and Mark were unwilling to provide treatment. Sections 48.13(10) and (11), Stats.

Aimee and Mark contested the facts set forth in the petitions and, pursuant to sec. 48.31(2), Stats.,[4] requested a trial by jury. The trial before Judge Ledin took three days to complete. At the close of evidence, the court held an instruction conference. No party objected to the single-question form of the verdict. The court instructed the jury that it should find the children in need of protection and services if convinced to a reasonable certainty that Mark and Aimee violated either sec. 48.13(10) or sec. 48.13(11). After instruction, the court supplied the jury with a special verdict form which asked three questions: (1) Is Lauran F. in need of protection or services; (2) Is Joshua R. in need of protection or services; and (3) Is Nathaniel M. in need of

---

court and to provide reasonable notice of the conduct or circumstances to be considered by the court together with a statement that the child is in need of supervision, services, care or rehabilitation.

[4] Section 48.31(2), Stats., titled **Fact-finding hearing,** provides in part:

The hearing shall be to the court unless the child, parent, guardian or legal custodian exercises the right to a jury trial by demanding a jury trial at any time before or during the plea hearing. . . . At the conclusion of the hearing, the court or jury shall make a determination of the facts. If the court finds that the child is not within the jurisdiction of the court or the court or jury finds that the facts alleged in the petition or the citation have not been proved, the court shall dismiss the petition or citation with prejudice.

protection or services. The jury answered "yes" to all three questions. The court accepted the verdicts. On July 9, 1994, the court held a dispositional hearing as required by sec. 48.335.[5] At the conclusion of this hearing the court transferred custody of the petitioner's children to the Marathon County Department of Social Services. Thereafter, Aimee M., filed a motion for postjudgment relief objecting to the form of the verdict and requesting the circuit court to vacate its dispositional order. The motion was denied and subsequently the court of appeals affirmed the judgment of the circuit court. We granted Aimee M.'s petition for review.

## II.

Petitioner objects, as she did on her motion for postjudgment relief, to the form of the verdict on the grounds that: (1) using a single-question verdict form when two or more independent grounds for jurisdiction have been alleged does not require, as it must, that the jury to determine which factual allegations were proven and, therefore, the verdict did not ensure that a numerically sufficient five-sixths was reached on each jurisdictional ground alleged; and (2) the determination of whether or not a child is in need of protection or

---

[5] Section 48.335, Stats., provides in part:

**Dispositional hearings. (1)** The court shall conduct a hearing to determine the disposition of a case in which a child is adjudged to be . . . in need of protection or services under s. 48.13 . . .

**(3)** At hearings under this section, any party may present evidence relevant to the issue of disposition, including expert testimony, and may make alternative dispositional recommendations.

. . .

**(5)** At the conclusion of the hearing, the court shall make a dispositional order in accordance with s. 48.355.

services is not an ultimate question of fact for the jury but, rather, a conclusion of law for the court.

In support of her first argument, petitioner suggests that, in the absence of any controlling case law on the appropriate form of the verdict,[6] we should be guided by *In the Interest of C.E.W.*, 124 Wis. 2d 47, 368 N.W.2d 47 (1985), a termination of parental rights case. In *C.E.W.*, this court noted, without comment, that the circuit court in the underlying action had submitted six verdict forms to the jury, "a separate form for each of the two statutory grounds alleged and for each of the three children." *Id.* at 71. In finding that the jury instruction erroneously left the jury with the impression that the same five jurors had to agree on each statutory ground alleged, we observed that "the six verdicts were independent, each verdict being separate and distinct from the others." *Id.* at 71. Petitioner suggests that the language in *C.E.W.* provides tacit

---

[6] The county points out that in *In the Interests of A.E.*, 163 Wis. 2d 270, 470 N.W.2d 519 (Ct. App. 1991), the court of appeals approved a CHIPS verdict form identical to the one we consider here. In that case, however, the county petitioned the court for CHIPS jurisdiction alleging a single ground—sec. 48.13(10), e.g., neglect for reasons other than poverty. At the close of evidence the court instructed the jury as to each factor it must find in order for the court to acquire CHIPS jurisdiction. In upholding the form of the verdict, the court of appeals found that, in combination, the verdict and the instructions provided the jury with the required issues of material fact. We agree because the instruction particularized the elements the jury was required to find to render an affirmative verdict. Hence, there was no reason in *A.E.* to doubt that the proper factual predicate existed for jurisdiction. As we point out above, this result is not assured when multiple grounds for jurisdiction are alleged and the jury is presented with a single-question verdict.

approval for submitting separate verdict forms for each jurisdictional ground alleged.

Petitioner also argues that, the court of appeals erred when it applied *Holland v. State,* 91 Wis. 2d 134, 280 N.W.2d 288 (1979), a criminal case, to this civil CHIPS proceeding. In *Holland,* the defendant was charged with first degree murder and the jury was instructed on the various parties to the crime theories. We recognized in that case that the party to a crime statute did not create three separate and distinct offenses but, rather, that its purpose was to "abolish the common law distinctions between principals and accessories to a crime." *Id.* at 143. Accordingly, we concluded that jury unanimity concerning the manner of participation was not necessary because it was required only with respect to the ultimate issue of the defendant's guilt or innocence of the crime charged. *Id.* at 144. Petitioner argues that rationale (to abolish common law concepts of status) and purpose (to punish) underlying the party to a crime statute and the factual bases necessary to invoke the jurisdiction of the court in a CHIPS proceeding are inapplicable. According to the petitioner, when each element of the underlying criminal offense is proved beyond a reasonable doubt, the defendant is guilty regardless of the manner by which the defendant participated as a party to the crime; whereas the purpose of a CHIPS fact-finding hearing is not to assess guilt or to punish, but rather to provide the court with a meaningful basis upon which to determine which dispositional treatment plan provided in secs. 48.343 and 48.345, Stats., is appropriate.

In support of her second argument, petitioner argues that, in light of the jurisdictional grounds alleged by Marathon County, findings of fact in this case would require a determination of the following:

the level of care the children received; the reason, if any, for inadequate care; whether the physical health of the children was endangered by parental neglect; whether the children were suffering from emotional damage; if emotional damage was found, whether it was severe; and, if severe, whether the parents were unwilling to provide treatment to the children. The petitioner contends that the single-question verdict the jury was asked to answer elicited none of the factual findings necessary to determine whether the allegations in the petition were proven. Accordingly, the petitioner concludes the verdict form improperly directed the jury to make a conclusion of law.

The county argues that the single-question verdict form is appropriate, even when multiple statutory grounds for jurisdiction are alleged, because: (1) sec. 48.13, Stats., is written in the disjunctive, thus permitting the various jurisdictional grounds to be considered collectively by the jury; (2) the determination as to whether a child is in need of protection and services is an ultimate question of fact properly decided by the trier of fact; (3) the best interests of children in need of services or protection are furthered by making it easier for the court to acquire jurisdiction; and, (4) the multi-question verdict proposed by petitioner is too cumbersome.[7] Additionally, the county argues that petitioner's failure to preserve her objection for appeal constitutes waiver. Hence, we should not consider the

---

[7] The county contends that the verdict form proposed by petitioner, requiring a separate question for each statutory ground alleged, would, in some cases, be too cumbersome. For instance, here it would require a minimum of 36 questions because two grounds for jurisdiction were alleged for each child, there are three children and two parents.

merits of petitioner's challenge to the form of the verdict.

The county contends that court of appeals properly applied *Holland* to the instant case, arguing that there is no conceptual difference between the ultimate fact jurors must find under the party to a crime statute—e.g., that the defendant participated in the offense—and the ultimate fact jurors must agree to for the court to acquire CHIPS jurisdiction—e.g., that the child is in need of protection and services.[8] The county concludes, as did the court of appeals, that petitioner's reliance on the termination of parental rights (TPR) statute in *C.E.W.*, is misplaced because the jurisdictional grounds in the TPR statute are punctuated by a period and, therefore, each ground alleged may be independently considered by the fact-finder; whereas the jurisdictional grounds in the CHIPS statute are separated by a semicolon and are, therefore, intended to be considered collectively in a manner similar to the party to a crime statute.

The county further argues that a five-sixths verdict on each jurisdictional ground alleged is unnecessary because the ultimate disposition is based on fact-finding undertaken by the court at a subsequent dispositional hearing rather than on the fact-

[8] The court of appeals found further support for its conclusion that *Holland* applies because it determined that both sec. 48.13, Stats. (the statue providing the various jurisdictional grounds for the court to invoke CHIPS jurisdiction) and sec. 939.05, Stats., the party to a crime statute, are written in the disjunctive. Based on this perceived similarity, the court concluded, a CHIPS jury is not required to reach five-sixths agreement on each jurisdictional ground; it is only required to reach five-sixths agreement on the ultimate issue of fact: whether the child is in need of protection and services.

finding process at trial. In addition, the county contends that public policy favors the single-question jury verdict because making it easier for the court to acquire CHIPS jurisdiction is in the best interests of children.

## III.

### *WAIVER*

Whether a circuit court must submit a separate verdict question for each jurisdictional basis alleged in a CHIPS proceeding, is a question of law which this court reviews de novo. *In Interest of C.E.W.,* 124 Wis. 2d 47, 50, 368 N.W.2d 47 (1985).

As a preliminary matter, we address the county's argument that the rule of waiver should apply because petitioner failed to timely object at trial to the form of the verdict. In the instant case, petitioner's challenge raises a question whether the form of the verdict deprived her of her statutory right to a five-sixths verdict. We observed in *State v. Baldwin,* 101 Wis. 2d 441, 304 N.W.2d 372 (1981), that, although, as a general rule, failure to object to a jury instruction in timely fashion constitutes waiver of the objection, when matters, such as this, which go directly to the integrity of the fact finding process, are raised on appeal, the rule is not inflexible and admits of exceptions. *Id.* at 445–46. Here, petitioner's objection goes directly to the integrity of the fact-finding process because she contends that she is entitled to a five-sixths verdict on each jurisdictional ground alleged and for which evidence is adduced at trial. By asking the jury to answer only one question when multiple bases for jurisdiction

295

have been alleged, she contends there is no assurance that five-sixths of the jurors agreed to each basis for jurisdiction. Accordingly, we conclude that it is appropriate to consider the merits of her argument.

## *STATUTORY CONSTRUCTION*

Petitioner points out that the specificity of the statutory scheme in ch. 48 (the Children's Code), allowing the court to acquire exclusive jurisdiction over children who are in need of protection or services, compels the conclusion that legislators intended each statutory ground alleged to be separately proved at the fact-finding hearing.

Section 48.255(1)(e), Stats., provides that any CHIPS proceedings must be initiated by a petition that includes "reliable and credible information which forms the basis of the allegations necessary to invoke the jurisdiction of the court and to provide reasonable notice of the conduct or circumstances to be considered by the court . . ." Subsection (3) warns that in the event the petition fails to include the required information, it shall be dismissed or amended. Section 48.255(3). Once the petition is filed, a fact-finding hearing pursuant to sec. 48.31 is required to determine whether the allegations of the petition are supported by clear and convincing evidence. Subsection (2) provides that "[t]he hearing shall be to the court unless the child, parent, guardian or legal custodian exercises the right to a jury trial . . ." Section 48.31(2). Subsection (4) provides that "[t]he court or jury shall make findings of fact and the court shall make conclusions of law relating to the allegations of a petition . . ." Section 48.31(4). Subsection (7) requires that "[a]t the close of the fact-finding hearing, the court shall set a date for the dispositional hearing . . ." Section 48.31(7).

Once the jury or the court has determined that the allegations in the petition have been proven by clear and convincing evidence, the court is required to consider the dispositional options provided in secs. 48.34 and 48.345. Dispositional options include counseling for the child, parent, guardian or legal custodian, home or agency supervision of the child, placing the child in the home of a relative, a residential treatment center, a correctional institution or in foster care, ordering the child to be monitored by an electronic monitoring system, ordering the child to participate in a supervised work program, suspending the child's driver's license, and ordering the child to attend an educational program.

We agree with petitioner that, reading this statutory scheme as a whole, reflects a legislative intent to permit a court to exercise jurisdiction over children only after each statutory ground for jurisdiction alleged in the petition is proved by clear and convincing evidence. The fact that sec. 48.13, Stats., is disjunctive does not compel a different result. Providing the party initiating the CHIPS proceeding with numerous grounds upon which to base a petition simply acknowledges the many different ways children may be neglected. Taken together, the requirements for particularized pleadings in the petition, the subsequent fact-finding hearing requiring the allegations to be proved by clear and convincing evidence, followed by the dispositional hearing where new evidence is limited to the issue of disposition, belies the county's assertion that the legislature intended the fact finder to lump all the jurisdictional grounds together and to consider them in the aggregate.

We point out that, as a practical matter, were we to permit the fact finder to apply the clear and convincing standard to an aggregate of allegations, rather than to specific allegations, the result would be that the trial judge would not know what has been established to the jury's satisfaction by clear and convincing evidence. Even if this result were intended by the legislature, it is onerous to a party opposing the CHIPS petition and is an inefficient use of judicial resources because it requires additional fact-finding at the dispositional hearing. Further, contrary to the county's suggestion that lawmakers intended additional fact-finding by the court at the dispositional hearing, sec. 48.335(1), Stats., expressly limits the evidence which may be introduced to that which is relevant to the issue of disposition.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

█ The ultimate determination in a CHIPS proceedings is whether a child is in need of protection and services. We find the county's assertion, that this determination is analogous to the ultimate determination of guilt or innocence in the criminal context, unpersuasive. In *Holland,* we expressly recognized the legislature's intent to abolish the common law distinctions between the principal actor and accessories to the crime. We explained there that unanimity is not required with regard to the manner of an actor's complicity because unanimity is required with respect to the ultimate issue of the defendant's guilt or innocence for the underlying crime charged. By contrast, there is no statement of legislative intent, express or implied, that indicates to us that the legislature intended the

jurisdictional grounds alleged to be considered collectively by the jury. The purpose of sec. 48.13, Stats., is to set forth grounds upon which a party intending to initiate a CHIPS proceeding showing child neglect may base the petition. Assuming the grounds alleged in the petition are proven by clear and convincing evidence to the trier of fact, then, and only then, will the court determine whether, as a matter of law, the evidence is legally sufficient. If the court determines that the evidence introduced at the CHIPS fact-finding hearing was sufficient, it should then make the legal conclusion that the child is in need of protection or services. At the subsequent dispositional hearing, the court should order disposition consistent with the factual grounds proven at the trial.

Accordingly, we conclude that the basis for jurisdiction set forth in sec. 48.13, Stats., represent the required factual basis for a CHIPS hearing, and if one or more of these bases are established to the satisfaction of the trier of fact, then the court must make the ultimate legal determination as to whether the child is in need of protection or services.

### PUBLIC POLICY

The county contends that allowing the jury to consider the factual allegations collectively, thereby making it easier for the court to acquire jurisdiction over children, furthers the best interests of children. We disagree.

We point out that this court has consistently, and in a variety of contexts, affirmed the best interests standard as applied to children. *See Weichman v. Weichman,* 50 Wis. 2d 731, 737, 184 N.W.2d 882 (1971);

299

*Krause v. Krause,* 58 Wis. 2d 499, 513–14, 206 N.W.2d 589 (1973); *Marotz v. Marotz,* 80 Wis. 2d 477, 486, 259 N.W.2d 524 (1977); *In re Custody of D.M.M.,* 137 Wis. 2d. 375, 390–91, 404 N.W.2d 530 (1987); *Holtzman v. Knott,* 193 Wis. 2d 694, 533 N.W.2d 419 (1995). We have also said, that "[u]nder ordinary circumstances, a natural parent has a protected right under both state law and the United States Constitution to rear his or her children free from governmental intervention." *Barstad v. Frazier,* 118 Wis. 2d 549, 567, 348 N.W.2d 479 (1984). In limited circumstances we have said that a child's best interest may justify state intervention in the relationship with a parent. *Holtzman v. Knott,* 193 Wis. 2d 649, 667. Permitting such intervention regardless of the context, however, is the exception not the rule. In addition to the protected liberty interest at stake, the rationale underlying the rule is that, contrary to the county's assertion, the best interests of the child are not served by allowing state intervention under ch. 48 except when there is strict compliance with legislative intent. In this case legislative intent requires the jury by a five-sixths vote to determine each discrete jurisdictional ground essential to permit the judge to reach the legal conclusion that the child is in need of protection or services.

■■■

In the context of a CHIPS proceeding, we think the best interests of the child, the parent, the legal guardian, the custodian, and the governmental entity are similarly well served by ensuring that the process of acquiring jurisdiction is as precise and as fair as possible. The single-question verdict form is neither precise nor fair when multiple bases for acquiring jurisdiction are alleged. We therefore, conclude that the parties' interests are best served by a verdict form which pro-

vides a separate and independent question for each jurisdictional ground alleged—irrespective of whether carrying out the legislative intent requires 2 or 32 separate questions.

Accordingly, we conclude that the circuit court must submit a separate verdict question for each jurisdictional basis alleged in a CHIPS petition for which evidence is adduced at trial. Therefore, we reverse the decision of the court of appeals and remand the cause to the circuit court for further proceedings.

*By the Court.*—The decision is reversed and the cause remanded to the circuit court for further proceedings.