Daniel J. R. LaCount, by his general guardian, Daniel LaCount, Plaintiff,

v.

Rosemary A. Salkowski, Defendant-Respondent,

State Farm Mutual Automobile Insurance Company, Defendant,

General Casualty Company of Wisconsin and Courtney J. Langer, by her Guardian ad Litem, Terence J. Bouressa, Defendants-Third-Party Plaintiffs,

Joseph W. Langer, Defendant-Third-Party Plaintiff-Appellant,†

v.

Erin E. Penza, by her natural guardians, Don and Janet Penza, Molly J. Smith, by her natural guardians, Marvin and Julie Smith, Chelsea E. Sutton, by her natural guardians, Jan and Brian Sutton, Vanessa R. Van Laanen, by her natural guardians, Jody G. and Virginia Van Laanen, Estate of James M. Wingfield, by its personal representative Brenda K. Wingfield, Brenda K. Wingfield, Brett M. Wingfield and Abby L. Wingfield, by their natural guardian Brenda Wingfield, State Farm Insurance Companies, Horace Mann

† Petition to review filed.

Insurance Company, ABC Insurance Company, DEF Insurance Company, GHI Insurance Company, XYZ Insurance Company and Mutual of Omaha Insurance Company, Third-Party Defendants.

Brenda "Kathy" WINGFIELD, individually and as Personal Representative of the Estate of James M. Wingfield, deceased, Lauren Wingfield, Brett M. Wingfield and Abby L. Wingfield, minors, by their Guardian ad Litem, Gregory B. Conway, Plaintiffs,

v.

Courtney J. LANGER, by her Guardian ad Litem, Joseph W. Langer, and General Casualty Company of Wisconsin, Defendants.

Court of Appeals

*No. 02–0630. Submitted on briefs September 30, 2002.—Decided October 16, 2002.*

2002 WI App 287

(Also reported in 654 N.W.2d 295.)

On behalf of the defendant-third-party-plaintiff-appellant, the cause was submitted on the briefs of *Terence J. Bouressa* and *Bouressa & Patteson, S.C.* of Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Matthew E. Yde, Douglas R. Ross* and *Strasser & Yde, S.C.* of Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Joseph Langer appeals a summary judgment dismissing his ex-wife, Rosemary Salkowski, as a defendant in this case. Langer argues that because he and Salkowski shared physical custody of their daughter, Courtney Langer, and because

Salkowski had actual physical custody on the day Courtney was involved in a traffic accident, Salkowski must share in the liability imputed to parents of minor drivers under WIS. STAT. § 343.15(2)(b).[1] We reject Langer's interpretation of the statute and affirm the judgment.

## Facts

¶ 2. The facts of this case involve a myriad of parties, and the case has not yet been adjudicated on its merits in the trial court. However, the few facts relevant to this appeal are largely undisputed and do not go to the merits of the underlying civil suits.

¶ 3. Langer and Salkowski divorced in 1992 and were awarded joint legal custody of Courtney. The parents live apart and alternate Courtney's physical placement weekly. In 1999, Courtney obtained a Wisconsin driver's license with Langer as the sponsor, pursuant to WIS. STAT. § 343.15. On October 15, 1999, between 3 p.m. and 5 p.m., Courtney's placement transferred from Langer to Salkowski. Later that evening, Courtney was involved in an automobile accident with a minivan.[2] The driver of the minivan died, and a passenger in Courtney's car was rendered a partial paraplegic. There were also other injuries to passengers of the minivan.

¶ 4. In February 2000, the passenger in Courtney's car brought suit against Courtney, Langer and Langer's insurer. In August 2000, the family of the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

[2] One party suggests it was Courtney's car that struck the van; the other party suggests the van struck Courtney's car. This is a fact for the trial court to resolve; for purposes of this appeal, it is irrelevant which statement is correct.

minivan's driver brought suit against the same parties. The cases were consolidated in November 2000. In January 2001, the first plaintiff filed an amended complaint naming Salkowski and her insurer as additional defendants.

¶ 5.  Both Salkowski and the plaintiffs moved for summary judgment regarding her liability under Wis. Stat. § 343.15. Judgment was granted in favor of Salkowski. Pursuant to the judgment, the court dismissed all claims against Salkowski on the merits and with prejudice. The plaintiffs moved for reconsideration, but the court denied the request.[3] Langer now appeals Salkowski's dismissal.

### Standards of Review

■

¶ 6.  In reviewing summary judgments, we employ the same methodology as the circuit courts, *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987), and we review the application of legal principles to undisputed facts without deference to the circuit court. *See Radlein v. Industrial Fire & Cas. Ins. Co.*, 117 Wis. 2d 605, 613, 345 N.W.2d 874 (1984). Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Wis. Stat. § 802.08(2).

■

¶ 7.  We interpret statutes without deference to the circuit court. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). We look to the language of

---

[3] The record indicates only that the appeal is taken from the summary judgment, not the order denying the motion to reconsider.

the statute and attempt to interpret it based on the plain meaning of its text. *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). If reasonable persons could disagree as to its meaning, the statute is ambiguous. *Id.* Only if a statute is ambiguous may we examine other construction aides. *State v. Waalen*, 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986). The application of a statute to undisputed facts is a question of law that we review de novo. *State v. Wilke*, 152 Wis. 2d 243, 247, 448 N.W.2d 13 (Ct. App. 1989).

## Discussion

¶ 8. WISCONSIN STAT. § 343.15(2)(b) provides:

> Any negligence or wilful misconduct of a person under the age of 18 years when operating a motor vehicle upon the highways is imputed to the parents where *both* have custody and either parent signed as sponsor, otherwise, it is imputed to the adult sponsor who signed the application for such person's license. The parents or the adult sponsor is jointly and severally liable with such operator for any damages caused by such negligent or wilful misconduct. (Emphasis added.)

At issue here is the meaning of the phrase "where both have custody" and specifically what type of custody both must have. "Custody," standing alone, could mean legal custody or physical custody and, as such, the statute appears ambiguous.[4]

¶ 9. Langer and Salkowski can share only one of two types of *legal* custody over Courtney. First, there is

---

[4] Part of the ambiguity arises because WIS. STAT. ch. 767, under which legal custody is conferred upon parents at divorce, speaks in terms of "physical placement" rather than physical custody. *See* WIS. STAT. § 767.001(5). However, other sections of the statutes refer to "physical custody" of children. *See, e.g.,* WIS. STAT. § 895.035(1)(a) *infra* note 7. Thus, while ch. 767 is not used to confer *physical* custody rights to parents (who are

the legal custody that vested as married parents of a child. This natural, immediate custody necessarily stems from parents' constitutionally protected rights in both the Wisconsin and United States Constitutions. *See Sallie T. v. Milwaukee County DHHS*, 219 Wis. 2d 296, 309, 581 N.W.2d 182 (1998) (biological parents retain a constitutional right to raise their child); *State v. Aimee M.*, 194 Wis. 2d 282, 300, 533 N.W.2d 812 (1995) (a natural parent has a protected right under state and federal law to rear his or her children free from government intervention); *Cox v. Williams*, 177 Wis. 2d 433, 440, 502 N.W.2d 128 (1993) (the custody of children resides first in the parents); *Barstad v. Frazier*, 118 Wis. 2d 549, 568, 348 N.W.2d 479 (1984) (a parent's claim to custody is an independent interest from the child's).[5]

¶ 10.  The second type of legal custody Langer and Salkowski could share—the custody arrangement they currently have—is joint legal custody pursuant to a court order following divorce and governed by WIS. STAT ch. 767. In this situation, legal custody is "the right and responsibility to make major decisions concerning the child, except with respect to specified decisions as set forth by the court or the parties in the final judgment or order." WIS. STAT. § 767.001(2)(a). Court-ordered custody arrangements necessarily alter the natural custodial relationships that existed prior to divorce. Joint legal custody is the situation where neither parent's

granted *legal* custody and physical *placement* under the chapter), it appears that in some situations "custody" refers to physical custody without necessarily implicating any form of legal custody.

[5] Generally, a child must be born to or adopted by a married couple or the child's parents must marry after its birth—natural legal custody of a nonmarital child vests only in the mother. WIS. STAT. § 48.435.

custody rights are superior to the other's. Wɪs. Sᴛᴀᴛ. § 767.001(1s); *cf.* Wɪs. Sᴛᴀᴛ. § 767.001(6) (defining sole legal custody).

■

¶ 11. Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 343.15(2)(a),[6] however, specifically excludes "joint legal custody" as defined in Wɪs. Sᴛᴀᴛ. § 767.001(1s) as the type of custody "both" Langer and Salkowski must have over Courtney under Wɪs. Sᴛᴀᴛ. § 343.15(2)(b). Therefore, "custody" as used in § 343.15(2)(b) and applied here can only mean the natural legal custody that two married parents share. Because Langer and Salkowski do not share the correct type of custody over Courtney, Salkowski was properly dismissed from this case.

■

¶ 12. Langer argues, however, that "custody" in Wɪs. Sᴛᴀᴛ. § 343.15(2)(b) could also mean actual physical custody as found in Wɪs. Sᴛᴀᴛ. § 895.035(1)(a).[7] Langer suggests this is sufficient to impute liability to Salkowski because the parent with custody on the day of the accident was the one making decisions about the child's activities, specifically whether the child could drive. Following *Beerbohm v. State Farm Mut. Auto. Ins. Co.,* 2000 WI App 105, 235 Wis. 2d 182, 612 N.W.2d 338, Langer asserts this physical custody need not be exer-

---

[6] Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 343.15(2)(a) provides: "In this subsection, 'custody' does not mean joint legal custody as defined in s. 767.001(1s)."

[7] Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 895.035 is the general statute regarding parental liability for minor children. Wɪsᴄᴏɴsɪɴ Sᴛᴀᴛ. § 895.035(1)(a) provides in part: "In this section, 'custody' means either legal custody of a child under a court order under s. 767.23 or 767.24, custody of a child under a stipulation under s. 767.10 or actual physical custody of a child."

cised by both parents simultaneously for "both [to] have custody" under § 343.15(2)(b).

¶ 13. Construing "custody" as used in WIS. STAT. § 343.15(2)(b) to mean "physical custody" creates an unreasonable result, a circumstance this court will avoid. *See Peters v. Menard, Inc.*, 224 Wis. 2d 174, 189, 589 N.W.2d 395 (1999). A divorced parent who purposefully declined to sponsor a child, perhaps because of concerns over the child's sense of responsibility or lack of maturity, could nevertheless be liable. Moreover, if physical custody were the touchstone for imputing liability to a non-sponsoring divorced parent, then liability would almost always be a matter of fortuity—whether the non-sponsoring parent was "lucky" enough for his or her child to be in an accident when that parent did not have physical custody. Further, the greater the placement time a court awards to the non-sponsoring parent, the more likely it would be that the parent would end up with imputed liability. We do not think the legislature intended that liability be based on chance. Again, as material here, liability under WIS. STAT. § 343.15(2)(b) is imputed to both parents only where *both* have custody and one is a sponsor.

¶ 14. It is manifestly impossible for divorced parents to share physical custody when the child is placed at any given time with only one parent. Langer nevertheless suggests *Beerbohm* allows parents to share physical custody even if the custody is not simultaneous. *Beerbohm*, however, offers no guidance. In that case, the main issue was whether a motorcycle was covered under a car insurance policy. There is no analysis of what "custody" under WIS. STAT. § 343.15(2)(b) means. The court merely stated that because both of the minor's parents had custody and

one signed as a sponsor, liability was imputed to both. *Beerbohm*, 2000 WI App 105 at ¶ 21.

¶ 15.   Contrary to what Langer and certain legal digests say about *Beerbohm, there is no statement by the court that the parents were divorced,* only that they were living apart. Absent some indication the parents had anything but the natural parental custodial relationship to their child, we decline to apply *Beerbohm* to this case, and we limit *Beerbohm*'s application of WIS. STAT. § 343.15(2)(b) to its facts.

¶ 16.   Langer also argues that we would defeat the legislative intent if we determine liability cannot be imputed to Salkowski. The legislature determined that juvenile drivers pose an increased risk to the public and generally lack adequate financial resources to cover any potential damages they may cause. *Reyes v. Greatway Ins. Co.*, 220 Wis. 2d 285, 294–95, 582 N.W.2d 480 (Ct. App. 1998). Therefore, the legislature deemed the best course of action was to allow juveniles to drive only if an adult sponsor agreed to accept responsibility for the increased risk to the public. *Id.* This purpose, however, is not frustrated by excluding Salkowski from liability, because Langer is the sponsor who agreed to accept the risk.

¶ 17.   Langer implies that imputing liability to the second parent advances legislative intent by increasing the pool of funds available to cover damages. However, when a non-parent signs as the sponsor on a minor's license application, there is no second person to whom liability may be imputed. Only the single sponsor is liable for damages caused by the juvenile. Additionally, our supreme court has held that evidence of wealth of the parents or sponsor is irrelevant under WIS. STAT. § 343.15. *See Franz v. Brennan*, 150 Wis. 2d 1, 9, 440 N.W.2d 562 (1989). Therefore, we reject the conten-

tion that liability must be imputed to a second person in order to increase the wealth available to pay· for damages.

¶ 18.   Langer further suggests that because both parents exercise some degree of control over the minor's driving, both should be responsible for the consequences when the child is in an accident. *See Mikaelian v. Woyak*, 121 Wis. 2d 581, 594–95, 360 N.W.2d 706 (Ct. App. 1984). However, in the case where parents do not share the appropriate type of custody, it is a single parent who has allowed the child the privilege of obtaining an operator's license and it is that single parent who has accepted responsibility. To impute liability to a non-sponsoring parent who happened to be in physical charge of the child that day takes us back to the argument on physical custody, which we have already rejected.

*By the Court.*—Judgment affirmed.